IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RHIANNON JOHNSON,   :
          :  CIVIL ACTION FILE
  Plaintiff,    :
          :  NO. 1:24-cv-02798-AT-CMS
v.         :
          :
GERRESHEIMER PEACHTREE :
CITY (U.S.A.) L.P.,   :
          :
  Defendant.   :

## PLAINTIFF'S (CORRECTED) MOTION FOR ENTRY OF UNLIQUIDATED DEFAULT JUDGMENT AND BRIEF IN SUPPORT

COMES NOW RHIANNON JOHNSON, Plaintiff in the above-styled civil action and pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Rule 55.1 N.D. Ga., files this motion for entry of a default judgment against Defendant Gerresheimer Peachtree City (U.S.A.) L.P. ("Gerresheimer").[1]

## I. THIS CIVIL ACTION IS IN DEFAULT.

This civil action was filed on June 25, 2024.  [Doc. 1].  On July 2, 2024, a summons and copy of the complaint were personally served upon Defendant's Registered Agent.  [Doc. 5].  More than 21 days have passed since then, and Defendant Gerresheimer has not responded within the time required by

---

[1] Prior to filing this motion for entry of am unliquidated default judgment, Plaintiff filed a Motion for Clerk's Entry of Default pursuant to Fed.R.Civ.P. 55(a) [Doc. 6], which the Clerk entered on July 26, 2024.

Fed.R.Civ.P. 12(a)(1)(A)(i).  The entry of a default is appropriate "when a party against whom a judgment for relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise."[2]  On July 26, 2024, upon Plaintiff's motion [Doc. 6], the Clerk of the Court made entry of default against Defendant.[3]

Defendant Gerresheimer's default concedes the truth of the well-pleaded factual allegations of the Complaint.[4]  Pursuant to Fed.R.Civ.P. 55(b), Plaintiff now moves the Court for entry of an unliquidated default judgment against Defendant Gerresheimer.

## II.     THE ENTRY OF A DEFAULT JUDGMENT IS APPROPRIATE IN THIS CASE

The entry of a default judgment is left to the discretion of the district judge.[5] After the Clerk has entered a default, a default judgment may then be entered in one of the following ways:

> (1) By the Clerk.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk, on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that

---

[2]     *U.S. v. Malatesta*, 164 Fed. Appx. 855, 856-57 (11th Cir.2006).

[3]     Fed.R.Civ.P. 55(a).

[4]     *Solvay Specialty Polymers USA, LLC v. Zhenuo (Leo) Liu*, 331 F.R.D. 187, 190 (N.D. Ga. 2019), citing *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015).

[5]     *Chester v. LNR Enterprise, LLC*, Case No. 4:18-CV-076-HLM-WEJ, 2018 WL 6829084 at *1 (N.D. Georgia, Dec. 10, 2018) (Report and Recommendation); *Zelonka v. Galardi South Enterprises, Inc.*, Case No. 1:07-cv-0354-BBM-ECS, 2007 WL 9710171, at *1 (N.D. Ga, Aug 22, 2007) (Report and Recommendation).

amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court.  In all other cases, the party must apply to the court for a default judgment … The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
   a. conduct an accounting;
   b. determine the amount of damages;
   c. establish the truth of any allegation by evidence; or
   d. investigate any other matter.

Fed.R.Civ.P. 55(b).

Before entering a default judgment for damages, the Court must ensure that a plaintiff's complaint states a plausible claim for relief.[6]  While significant detail is not required, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, the Complaint alleges that on April 17, 2023, Plaintiff Rhiannon Johnson, a woman, engaged in protected speech when she complained to Gerresheimer, her employer, that she was being subjected to harassment and gender discrimination by D-Shift Supervisor, James Smith.  [Doc. 1, Pars. 11-12]. The Complaint further alleges that, two (2) days later, on April 19, 2023, without any investigation of her complaint, Gerresheimer terminated Ms. Johnson's employment for engaging in protected speech and that she has suffered damages.

---

[6]     *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Cotton v. Mass Mut. Life Ins. Co.*, 4022 F.3d 1267, 1278 (11th Cir. 2005).

[Doc. 1, Pars. 13-15, 19-20, 22, 26-27].   The Complaint further alleges that following her termination, Gerresheimer replaced Ms. Johnson with a male employee named "Jason."   [Doc. 1, Par. 16].   The Complaint alleges that Gerresheimer's proffered reason for terminating Ms. Johnson was that she allegedly refused to do her job, but that the proffered reason is false and is a pretext for gender discrimination.   [Doc. 1, Pars. 19-20].   The Complaint alleges two counts, one for Gender Discrimination in Employment (Count I) and one for unlawful retaliation in employment (Count II), and Plaintiff has stated a plausible claim for relief under Title VII of the Civil Rights Act, as amended, for both gender discrimination in employment and unlawful retaliation.

Defendant Gerresheimer was served with process via its Registered Agent on July 2, 2024 [Doc. 5], and it has failed to file an Answer or other responsive pleading.   As a result of Defendant's default, it has admitted all the well-pleaded facts in the Complaint.

WHEREFORE, Plaintiff respectfully requests the Court enter an unliquidated default judgment in favor of Plaintiff and against Defendant Gerresheimer on the issue of liability, preserving the issue of damages for an evidentiary hearing at a future date.

This 6th day of August 2024.

Respectfully submitted,

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170

Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, N.W., Suite 2700
Atlanta, Georgia  30303
Telephone: (404) 688-6800
Email:  d.fuchs@swtwlaw.com

Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that this filing complies with the requirements of Local Rule 5.1B (Times New Roman, 14 point) and that I have this day served a copy of the within and foregoing **PLAINTIFF'S MOTION FOR ENTRY OF UNLIQUIDATED DEFAULT JUDGMENT AND BRIEF IN SUPPORT** by using the court's CM/ECF electronic filing system, which will automatically cause it to be electronically served on all parties or counsel of record.

This 6th day of August 2024.

*/s/ Dean R. Fuchs*
DEAN R. FUCHS

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W., Suite 2700
Atlanta, GA 30303
(404) 688-6800 telephone
E-mail: d.fuchs@swtwlaw.com