IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RHIANNON JOHNSON,

     Plaintiff,

v.

GERRESHEIMER PEACHTREE
CITY (U.S.A.) L.P.,

     Defendant.

CIVIL ACTION FILE NO.

1:24-cv-2798-AT-CMS

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Rhiannon Johnson's Corrected Motion for Entry of Unliquidated Default Judgment [Doc. 8] and Defendant Gerresheimer Peachtree City (U.S.A.) L.P.'s Motion to Set Aside Entry of Default [Doc. 9]. For the reasons discussed below, I **RECOMMEND** that Defendant's Motion to Set Aside Entry of Default [Doc. 9] be **GRANTED** and that Plaintiff's Corrected Motion for Entry of Unliquidated Default Judgment [Doc. 8] be **DENIED**.

### I.    BACKGROUND

On June 25, 2024, Plaintiff Rhiannon Johnson ("Plaintiff") commenced this case with the filing of her complaint, which asserts claims for gender discrimination and retaliation. [Doc. 1, Am. Compl.]. On July 3, 2024, Plaintiff filed a return of

service, indicating that Defendant Gerresheimer Peachtree City (U.S.A.) L.P. ("Defendant") was served with the summons and a copy of the complaint on July 2, 2024. [Doc. 5]. Accordingly, Defendant's response to the complaint was due on July 23, 2024. *See* [*id.* at 2]; *see also* FED. R. CIV. P. 12(a)(1)(A) (stating that a defendant must serve a responsive pleading within twenty-one days after being served with the summons and complaint).

On July 25, 2024, Plaintiff requested that the Clerk enter default against Defendant due to Defendant's failure to timely answer or respond to her complaint. [Doc. 6]. On July 26, 2024, the Clerk entered default against Defendant. *See* [Dkt.].

On August 6, 2024, Plaintiff filed a Motion for Entry of Unliquidated Default Judgment [Doc. 7] and a Corrected Motion for Entry of Unliquidated Default Judgment [Doc. 8]. Plaintiff subsequently withdrew the former motion, given Plaintiff's filing of the corrected version. [Doc. 10].

Also on August 6, 2024, Defendant filed its Motion to Set Aside Entry of Default [Doc. 9]. Along with the motion, Defendant filed a supporting brief, Defendant's Verified Answer and Affirmative Defenses to Plaintiff's Complaint, the affidavit of Fred Howery, and other supporting documents. In the affidavit of Fred Howery, who is Defendant's president, chief executive officer, senior plant director, and registered agent, Howery attests that he was personally served with the summons

and complaint in this lawsuit on Tuesday, July 2, 2024.  [Doc. 9-3, Affidavit of Fred Howery on Behalf of Gerresheimer Peachtree City (U.S.A.) L.P. ("Howery Aff.) ¶¶ 1, 5, 6].  Howery further attests that Defendant's non-manufacturing operations, including all administrative functions, ceased at noon on Wednesday, July 3, 2024, and remained closed through Monday, July 8, 2024, for the July 4 holiday.  [*Id.* ¶ 7]. During that time, Howery traveled to Germany, where he remained until Sunday, July 13, 2024.  [*Id.* ¶ 8].  Likewise, Defendant's head of human resources, who also is usually involved in handling legal matters, traveled to India from June 15, 2024 through July 29, 2024.  [*Id.* ¶ 9].  According to Howery's affidavit, when he returned from his travel, he gave the receptionist the summons and complaint to scan and send to counsel, but she inadvertently failed to do so unbeknownst to Howery.  [*Id.* ¶ 10].  On August 1, 2024, Howery asked the receptionist about the summons and complaint and learned that she had not transmitted them to counsel for handling.  [*Id.* ¶ 11].  Howery immediately contacted counsel that same day, and counsel informed Howery that a default had been entered against Defendant in the case.  [*Id.* ¶¶ 11–12].  Howery avers that Defendant did not intentionally fail to respond to the complaint or otherwise disregard its responsibilities, and Howery states that Defendant immediately acted to ask the Court to set aside the entry of default immediately after learning about the entry of default.  [*Id.* ¶ 13].

Defendant argues that there is good cause to set aside the entry of default because: (1) the default was not willful but resulted from a communication error; (2) Plaintiff will suffer no prejudice from setting aside the entry of default because there was only a slight delay in Defendant responding to the complaint; and (3) Defendant has meritorious defenses to Plaintiff's claims of discrimination and retaliation, including that Defendant purportedly terminated Plaintiff's employment for the non-discriminatory and non-retaliatory reason that Plaintiff exhibited rude and insubordinate behavior, which resulted in the police being called.  [Doc. 9-1 at 3–6].

The record reflects that Plaintiff has not responded to Defendant's Motion to Set Aside Entry of Default.  *See generally* [Dkt.].  Under the Court's Local Rules, a party's failure to file a response to a motion indicates that there is no opposition to the motion.  LR 7.1(B), NDGa.  Defendant's motion is therefore considered unopposed.

## II.   LEGAL STANDARD

"The court may set aside an entry of default for good cause[.]"  FED. R. CIV. P. 55(c).  The defaulting party bears the burden of establishing "good cause." *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999).   "Good cause" is a mutable and liberal standard, varying from situation to

situation. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). In determining whether "good cause" is present, courts have considered whether the default was culpable or willful, whether setting the default aside would prejudice the adversary, whether the defaulting party presents a meritorious defense, and whether the defaulting party acted promptly to correct the default. *Id.* "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* The Eleventh Circuit generally views default judgments with disfavor because of its strong policy for resolving cases on their merits. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015).

## III.   DISCUSSION

Having considered the merits of Defendant's motion, along with the relevant factors for setting aside an entry of default, I find that there is good cause to set aside the Clerk's entry of default. As an initial matter, Defendant's failure to respond to Plaintiff's complaint in a timely manner was not willful and was the result of internal miscommunication between Howery and the receptionist. When Defendant learned of the entry of default, Defendant acted quickly to rectify the issue and moved to set aside the entry of default only eleven days after the Clerk entered the default.

Because Defendant acted promptly to correct the default and Plaintiff has not opposed Defendant's motion to set aside the default, I have no basis to find that setting the default aside would prejudice Plaintiff.  Finally, irrespective of whether Defendant's defenses are likely to be successful, Defendant has asserted facially meritorious defenses to Plaintiff's discrimination and retaliation claims.  *See Robinson v. Tomy Grp. Atlanta LLC*, No. 1:14-cv-1467-LMM, 2015 WL 12860552, at *3 (N.D. Ga. Mar. 11, 2015) ("When evaluating defenses, likelihood of success is not the measure.  Instead, the movant need only provide a hint of a suggestion that his case has merit.") (internal quotation marks and citations omitted).

Based on my analysis of the relevant factors, the Eleventh Circuit's strong policy for resolving cases on their merits, and the lack of opposition to Defendant's motion, I find that good cause exists to set aside the clerk's entry of default.

## IV.  CONCLUSION

For the above reasons, I **RECOMMEND** that Defendant Gerresheimer Peachtree City (U.S.A.) L.P.'s Motion to Set Aside Entry of Default [Doc. 9] be **GRANTED** and that Plaintiff Rhiannon Johnson's Corrected Motion for Entry of Unliquidated Default Judgment [Doc. 8] be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 6th day of September, 2024.

Catherine M. Salinas
United States Magistrate Judge